[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs herein, Mary A. Reynolds and Raymond Richard Reynolds, have brought a three count complaint against the defendant John L. Walsh seeking to quiet title to a disputed parcel of land located in Shelton, Connecticut.
The First Count of the Complaint has been brought pursuant to §§ 47-31 and 47-34 of the Connecticut General Statutes alleging that they have the fee title to the disputed parcel and that the defendant John L. Walsh claims an interest which is adverse to them. In the second count they allege that they are being deprived of the opportunity to sell their adjoining property along with the disputed parcel as they had contracted to do. The third count is for adverse possession claiming that they and their predecessors have occupied the land in question for a period in excess of fifteen years and that their use and possession has been open, visible, notorious, adverse, exclusive, continuous and uninterrupted and that they have thereby acquired and now have sole and exclusive title in accordance with §§47-31, 47-34 and 52-575. It should be noted that the First and Third Counts are inconsistent with one another, one claiming the record title in fee and the other claiming the title by way of adverse possession. The Appellate Court in DeVita v. Esposito,13 Conn. App. 101, 106 held therein "judgment of title by deed and title by adverse possession is inherently inconsistent." "A person who claims title by deed is claiming that he has good record title, which entitles him, in an action to quiet title, to CT Page 7045 a judgment of ownership . . . Conversely a person who claims title by adverse possession is claiming that although he does snot have record title, his proof of possession which is adverse, open, notorious, and continues for the entire statutory period, entitles him, in an action to quiet title, to a judgment of ownership" id. (Internal citations omitted).
"A duty of construction is placed upon the trial court whenever a party pleads inconsistent theories of recovery . . . . Although a party may plead in good faith, inconsistent facts and theories, a court may not award a judgment on inconsistent facts and conclusions. A judgment, read in its entirety, must admit of a consistent construction. . . . Where a party is entitled to only a single right to recover, it is the responsibility of the trial court which of the inapposite set of facts the party has proved and then to render judgment accordingly." DeVita v.Esposito, supra, 107. (Internal citations omitted).
The plaintiffs in their First Count and the defendant in his counterclaim both claim record title to the property in dispute. The controversy relates back to a deed from John L. Walsh the predecessor in title to both parties to Richard A. Walsh, dated May 29, 1941 and recorded in Volume 102, Page 91 of the Shelton Land Records. In order to avoid any confusion the above named John L. Walsh is the father of the named defendant John L. Walsh.
That portion of the description which gives rise to the dispute reads as follows:
 "Thence in a northerly direction along land of John L. Walsh two hundred and fifty (250) feet more or less to land of John L. Walsh and Harry B. Brownson"
It is the plaintiff's contention that this should have read "to land now or formerly of Mary E. Buckingham" John L. Walsh and Harry Brownson never having owned the abutting property to the East. It is their contention that this course was meant to be a line to the abutting owners since it entered along John L. Walsh's and to land of John L. Walsh and Harry B. Brownson and that if his intent was to limit the conveyance to 250 feet it would have merely read along land of John L. Walsh 250 feet and thus this boundary should have read 342.04 feet. The basis for this contention is that monuments control courses and distances and lands of abutting owners are considered monuments. CT Page 7046
For this premise the plaintiffs rely on the case of FrankTower Corporation v. Laviana, 140 Conn. 45, 51. "The land of an adjoining proprietor whose boundaries can be fixed by known monuments is also considered to be a monument to establish a boundary." While this premise is correct, the case before the court does not fit within its parameters. It is correct that monuments control courses and distances however there is no testimony before the court to establish that the boundary of the abutting owner has been fixed by known monuments.
The description in the deed from John L. Walsh to Richard A. Walsh has been consistently carried forward to the present date. That description reads as follows:
"Being at `Huntington Center' so called and bounded:
 Commencing at H.B. Brownson's easterly boundary on the north side of Lane Street; thence running westerly along the north side of Lane Street, one hundred and fifty (150) feet to other land of John L. Walsh; thence in a northerly direction along land of John L. Walsh, two hundred and fifty (250) feet more or less, to land of John L. Walsh and Harry B. Brownson; thence in an easterly direction one hundred and fifty (150) feet, along land of Walsh and Brownson; thence in a southerly direction along land of said Brownson, two hundred and fifty (250) feet more or less to point of starting, on Lane Street. Being a parcel of land one hundred and fifty (150) feet frontage on the north side of Lane Street, two hundred and fifty (250) feet more or less in depth. Bounded on the south by Lane Street, 150 feet; on the west two hundred fifty feet more or less by John L. Walsh; no the north 150 feet by John L. Walsh and H. B. Brownson; and on the east two hundred fifty feet more or less by H.B. Brownson; Being a portion of a four acre piece recorded in volume 69 at page 168 of the Shelton Land Records."
Both parties agree that the compass headings recorded in the description are incorrect and that there should be a 90° CT Page 7047 clockwise turn thus North becomes East, etc.
Contained in this description are three different methods of setting forth the metes and bounds and consistent within each method the boundaries remain 250 feet by 150 feet the same description that has continued down through the chain of title.
The Court finds that John L. Walsh intended to convey to his brother Richard A. Walsh a parcel of land measuring 250 feet by 150 feet. The court therefore finds title to the disputed parcel to be vested in John L. Walsh, Jr.
In view of this finding the court must now consider whether the plaintiffs have acquired title to the disputed parcel by way of adverse possession. "Where title is claimed by adverse possession, the burden of proof is on the claimant. The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. The use is not exclusive if the adverse user merely shares dominion over the property with other users. Such a possession is not to be made out by inference, but by clear and positive proof." Roche v. Fairfield, 186 Conn. 490, 498. (Internal citations omitted).
The testimony elicited at the trial shows that at best possession was not exclusive nor was it continuous. The plaintiff Richard Reynolds helped his father plant trees or shrubs and cleared brush during the 1970's. His most recent visit to the property was some nine years ago. His possession can only be classified as sporadic. The evidence showed further that the defendant was never ousted of possession. Testimony disclosed that the defendant used the disputed parcel as access to his adjacent property, that he hunted on the disputed parcel; that he cut trees and brush on the property. His dogs roamed freely over the property regularly.
Evidence was presented that the plaintiffs at one time paid real estate taxes on the disputed land. While the payment of such taxes must be considered as evidence of adverse possession, DeerIsland Assn. V. Trolle, 180 Conn. 201, 204, it must be considered with all the other evidence presented. On that basis the evidence does not reach the point of being clear and positive, Roche v.Fairfield, 186 Conn. 490, supra so that one can say the plaintiff CT Page 7048 has acquired ownership of the disputed parcel by adverse possession.
The court finds for the defendant on the complaint and the counterclaim.
Judgment may enter for the defendant on all counts.
CURRAN, J.